789 N.E.2d 1259 (2003)
204 Ill.2d 382
273 Ill.Dec. 827
In re J.B. et al., Appellees (The People of the State of Illinois, Appellee,
v.
Wanda B., Appellant).
No. 93453.
Supreme Court of Illinois.
April 24, 2003.
*1260 Rita A. Fry, Public Defender, Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.
James E. Ryan, Attorney General, Springfield, Richard A. Devine, State's Attorney, Chicago (William L. Browers, Assistant Attorney General, Chicago, Renee Goldfarb, Nancy Grauer Kisicki and Annette Collins, Assistant State's Attorneys, of counsel), for the People.
Patrick T. Murphy, Charles Perez Golbert, Deborah Pergament, Office of the Cook County Public Guardian, Chicago, for appellee minors.
Justice KILBRIDE delivered the opinion of the court:
The circuit court of Cook County found that the respondent, Wanda B. (mother), was an unfit parent based on section 1(D)(q) of the Adoption Act (750 ILCS 50/1(D)(q) (West 1998)). As amended, this section creates a presumption that a parent is unfit based on a conviction for any of the specified crimes. The mother had previously been convicted of aggravated battery of a child, one of the listed crimes. The circuit court subsequently terminated the mother's parental rights. She appealed but failed to seek a stay of enforcement of the termination order. While the appeal was pending, the children were adopted. More than a year after the entry of the children's final adoption orders, the appellate court filed its judgment affirming the termination order. 328 Ill.App.3d 175, 262 Ill.Dec. 485, 765 N.E.2d 1093.
In this appeal, the mother raises constitutional challenges to amended section 1(D)(q), but prior to reaching these issues, we must consider the threshold issue of whether her appeal is moot pursuant to our recent decisions in In re Tekela, 202 Ill.2d 282, 269 Ill.Dec. 119, 780 N.E.2d 304 (2002), and In re India B., 202 Ill.2d 522, 270 Ill.Dec. 30, 782 N.E.2d 224 (2002). We *1261 hold that it is and, accordingly, dismiss the appeal.

I. BACKGROUND
In July 1992, the mother pleaded guilty to aggravated battery of one of her children and was sentenced to 70 days' imprisonment, receiving credit for the time she had already served. Subsequently, in March 1993 and March 1995, she gave birth to the two children at issue in this appeal, J.B. and T.B., who were taken into state custody shortly after birth and were later adjudicated wards of the court. In 1998, the court entered permanency orders setting the goal of substitute care for the children, pending a decision on the termination of parental rights, and the State filed supplemental petitions to appoint a guardian with the right to consent to their adoptions.
The State then sought summary judgment on the issue of the mother's fitness based on amended section 1(D)(q) of the Adoption Act (750 ILCS 50/1(D)(q) (West 1998)) because she had previously been convicted of aggravated battery of a child. The amendment took effect after the mother's conviction, and, in her answer, she challenged the amended section's retroactive application and constitutionality. The circuit court granted the State's motion, finding that the retroactive application of the amended statute was proper because the mother's interest in her children was not an absolute vested right. Applying the amended statute, the trial court found the mother unfit as a matter of law. On August 10, 1999, the mother's parental rights were terminated following a best interests hearing. The mother filed a timely notice of appeal but did not seek to stay the enforcement of the termination order in either the circuit court or the appellate court.
On February 26, 2002, the appellate court affirmed, finding that the amended statute could be applied retroactively and did not violate the mother's due process and equal protection rights. The mother then sought leave to appeal to this court, but she did not raise the issue of retroactivity. After her petition was granted, the public guardian reported that J.B. and T.B. had been adopted by their foster parents on December 17, 1999, and February 9, 2000, respectively.
Prior to filing its brief, the State, joined by the public guardian, filed a motion to dismiss the appeal as moot based on this court's decision in In re Tekela, 202 Ill.2d 282, 269 Ill.Dec. 119, 780 N.E.2d 304 (2002). A petition for rehearing was pending in Tekela when the State filed its motion, and the motion was denied.

II. ANALYSIS
On appeal, the State reiterates the argument that this court should not address the merit of the mother's claims because the appeal is moot. Thus, the threshold question before us is whether we may decide the issues raised in this appeal on their merits in light of our recent holdings in In re Tekela, 202 Ill.2d 282, 269 Ill.Dec. 119, 780 N.E.2d 304 (2002), and In re India B., 202 Ill.2d 522, 270 Ill.Dec. 30, 782 N.E.2d 224 (2002).
In Tekela, 202 Ill.2d at 296, 269 Ill.Dec. 119, 780 N.E.2d 304, this court held that the filing of a notice of appeal does not act as a stay of an order terminating parental rights. We reasoned that after the passage of the one-year period to challenge an adoption in section 20b of the Adoption Act (750 ILCS 50/20b (West 1998)) any challenge to the validity of a termination order would be rendered moot since our ruling could have no practical effect on the controversy or the parties' rights in the matter before the court. Tekela, 202 Ill.2d at *1262 292-93, 269 Ill.Dec. 119, 780 N.E.2d 304. See also In re Adoption of Walgreen, 186 Ill.2d 362, 364, 238 Ill.Dec. 124, 710 N.E.2d 1226 (1999).
Similarly, in this case the mother did not seek a stay of the termination order, and the adoption orders had been in place for far more than one year before the appellate court filed its decision. Applying the rationale in Tekela, 202 Ill.2d at 292, 269 Ill.Dec. 119, 780 N.E.2d 304, to this case, the mother's challenges to the termination order were moot at the time the appellate judgment was filed and remain moot in this court.
Initially, the mother argues that Tekela is inapplicable because it did not involve a constitutional challenge. We disagree. This court recently applied the reasoning in Tekela to dismiss as moot an appeal of a termination order challenged on constitutional grounds. India B., 202 Ill.2d at 544, 270 Ill.Dec. 30, 782 N.E.2d 224.
In India B., the mother was barred from presenting either a defense or further pleadings because she failed to appear at her parental fitness hearing. On appeal, she maintained that the sanction violated her constitutional rights to due process and counsel. She also argued that if her appeal was deemed moot, this court should apply an exception to the mootness doctrine.
In this case, the mother claims that this court may hear her appeal under only one such exception, the public interest exception. This exception was also raised by the mother in India B. In that case, we explained that the public interest exception is applicable only if it is clearly shown that: (1) the question is of a substantial public nature; (2) there is a need for an authoritative decision to provide future guidance; and (3) the situation is likely to recur. Bonaguro v. County Officers Electoral Board, 158 Ill.2d 391, 395, 199 Ill.Dec. 659, 634 N.E.2d 712 (1994). In rejecting the mother's argument in India B., we noted that the exception must be narrowly construed and each of its criteria must be clearly established. India B., 202 Ill.2d at 543, 270 Ill.Dec. 30, 782 N.E.2d 224. We concluded that the case did not meet those "rigid standards." India B., 202 Ill.2d at 543, 270 Ill.Dec. 30, 782 N.E.2d 224.
We declined the mother's invitation to apply the public interest exception in India B. because there were no conflicting precedents requiring authoritative resolution. India B., 202 Ill.2d at 543, 270 Ill. Dec. 30, 782 N.E.2d 224. Here, the mother cites no conflicting case law requiring authoritative resolution. Since we are confronted with the same scenario as in India B., we are compelled to apply the same rationale. The exception is inapplicable in this case because at least one of the criteria for the public interest exception is absent. India B., 202 Ill.2d at 543, 270 Ill.Dec. 30, 782 N.E.2d 224.
The mother, however, raises additional arguments refuting the applicability of the India B. rationale. She briefly argues that the State may not rely on our mootness holding in that case because it did not previously raise the one-year statutory limitations period on contesting adoptions in this case. This argument ignores the basic principles that questions affecting a court's authority to hear a given controversy may be raised at any time (see In re Estate of Gebis, 186 Ill.2d 188, 192-93, 237 Ill.Dec. 755, 710 N.E.2d 385 (1999)) and that reviewing courts have a duty to raise such issues sua sponte if they are not raised by the parties (Department of Central Management Services v. American Federation of State, County & Municipal Employees, 182 Ill.2d 234, 238, 230 Ill.Dec. 954, 695 N.E.2d 444 (1998)). We reject the mother's waiver argument.
*1263 The mother next attempts to distinguish her appeal from India B. because, in that case, this court observed that the respondent was unlikely to be subjected to the same penalty a second time. We note that this contention addresses the third prong of the public interest exception, the likelihood of recurrence. We need not address this claim because, pursuant to our rationale in India B., we have already determined that this case fails to satisfy another prong of the public interest exception. Unless a case meets the "rigid standard" requiring each element of a mootness exception to be clearly established, the exception is inapplicable. See India B., 202 Ill.2d at 543, 270 Ill.Dec. 30, 782 N.E.2d 224.
Although the mother explicitly acknowledges that this case may be procedurally similar to Tekela and India B., she maintains that it is substantively closer to our decision in In re D.L., 191 Ill.2d 1, 245 Ill.Dec. 256, 727 N.E.2d 990 (2000). In that case, this court agreed to hear a constitutional challenge to the Adoption Act that otherwise would have been moot because "[t]he interpretation of the statute is of substantial public importance, the relevant appellate court precedents are in conflict, and the issue is one that is likely to recur." (Emphasis added.) D.L., 191 Ill.2d at 8, 245 Ill.Dec. 256, 727 N.E.2d 990.
Unlike D.L., here there is no need for an authoritative decision from this court. See India B., 202 Ill.2d at 543, 270 Ill.Dec. 30, 782 N.E.2d 224. Thus, we reject the mother's contention that D.L. supports the application of the public interest exception in this case.
Alternatively, the mother claims that we should not rely on India B. because applying it effectively denies her the right to an appeal. She suggests that we take a "less formalistic approach" and refuse to deem the appeal of a termination order moot unless the subsequent adoption was based on either valid parental consent or a valid termination of parental rights. See Tekela, 202 Ill.2d at 299-300, 269 Ill.Dec. 119, 780 N.E.2d 304 (Harrison, C.J., dissenting). This approach ignores a parent's responsibility for preserving the opportunity to obtain appropriate relief by seeking a stay of the termination order. As this court made clear in both India B. and Tekela, it is this very failure to obtain a stay that precipitates the chain of events permitting adoption proceedings to continue lawfully, ultimately creating the mootness problem. India B., 202 Ill.2d at 544, 270 Ill.Dec. 30, 782 N.E.2d 224; Tekela, 202 Ill.2d at 296, 269 Ill.Dec. 119, 780 N.E.2d 304. This case is procedurally indistinguishable on this point. We are not persuaded to depart from our recent directives in this matter.
As we explained in Tekela, the right to meaningful appellate review does not guarantee an absolute right to relief on the merits. Moreover, the right to appellate review of a termination order is "necessarily limited by its mootness." Tekela, 202 Ill.2d at 294, 269 Ill.Dec. 119, 780 N.E.2d 304. We have adhered to this principle even in the face of a trial court's finding of unconstitutionality. Walgreen, 186 Ill.2d at 365-66, 238 Ill.Dec. 124, 710 N.E.2d 1226.
In Walgreen, the trial court found two sections of the Adoption Act unconstitutional, but while the appeal was pending the biological mother consented to the adoptions, rendering the appeal moot. Walgreen, 186 Ill.2d at 364, 238 Ill.Dec. 124, 710 N.E.2d 1226. Despite the existence of a circuit court decision finding the sections unconstitutional, this court refused to apply the public interest exception. We narrowly construed the exception and found that, although the appeal presented a question of substantial public *1264 importance, the need for authoritative guidance was questionable because there were no conflicting precedents. Walgreen, 186 Ill.2d at 365-66, 238 Ill.Dec. 124, 710 N.E.2d 1226. As we noted,
"Our court has held that when an opinion on a question of law cannot affect the result as to the parties or controversy in the case before it, a court should not resolve the question merely for the sake of setting a precedent to govern potential future cases. [Citations.] This limitation is no mere technicality. The existence of a real controversy is a prerequisite to the exercise of our jurisdiction." (Emphasis added.) Walgreen, 186 Ill.2d at 365, 238 Ill.Dec. 124, 710 N.E.2d 1226.
Although the procedural circumstances differ in the instant appeal, the two cases reflect the same underlying considerations: (1) this court's inability to issue any order capable of affecting the parent's rights to the adopted children and (2) the lack of conflicting precedents requiring resolution to justify the imposition of the public interest exception. We continue to uphold our established principles in this matter.
Finally, we note that our ability to address the substantive issues raised in this appeal is further constrained by our long-standing proscription against resolving constitutional questions that are not essential to the disposition of the case. See People ex rel. Sklodowski v. State, 162 Ill.2d 117, 130-31, 205 Ill.Dec. 63, 642 N.E.2d 1180 (1994). We may not reach the merits of the mother's constitutional claims when, in light of the similarity of our recent precedents, the legitimacy of our actions would be highly questionable at best. India B. and Tekela clearly direct parents wishing to appeal the termination of their parental rights to obtain a stay of enforcement of the termination order and, whenever possible, to pursue expedited proceedings to provide reviewing courts the opportunity to grant meaningful relief. India B., 202 Ill.2d at 537, 270 Ill.Dec. 30, 782 N.E.2d 224; Tekela, 202 Ill.2d at 294-95, 269 Ill.Dec. 119, 780 N.E.2d 304.
In parental rights cases, countless issues of substantial public importance may arise. If we broadly interpret the mootness exceptions to permit the review of cases that do not strictly meet our rigid standards, we would effectively obviate our holdings in Tekela and India B. Such a broad interpretation of an exception would result in a string of advisory opinions, including some of constitutional proportion, that would have no effect whatsoever on the rights of the parties or the outcome of the case before the court. Our adherence to the established rule that mootness exceptions are to be narrowly construed (see India B., 202 Ill.2d at 543, 270 Ill.Dec. 30, 782 N.E.2d 224), and our continued encouragement of the use of appropriate safeguards to preserve a parent's right to effective appellate review, such as stays and expedited proceedings (see India B., 202 Ill.2d at 537, 270 Ill.Dec. 30, 782 N.E.2d 224), ensure that reviewing courts will continue to address claims only in cases within the proper scope of their authority.

III. CONCLUSION
Based on our recent decisions in Tekela and India B., as well as for the additional reasons stated, we hold that this appeal is moot. Since we lack the authority to consider the merits of the substantive questions raised, we dismiss the appeal.
The judgment of the appellate court is vacated, and the appeal is dismissed as moot.
Appellate court judgment vacated; appeal dismissed.