No. 3--06--0594
_____
Filed December 8, 2006.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| In re A.E., | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| a Minor | ) | Peoria County, Illinois, |
| | ) | |
| (The People of the State of | ) | |
| Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | No. 04--JA--135 |
| | ) | |
| v. | ) | |
| | ) | |
| Angela E., | ) | Honorable |
| | ) | David J. Dubicki, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the Opinion of the court:
_____


The respondent-mother, Angela E., was found to be an unfit parent, and her parental rights to A.E. (minor) were terminated. Angela appeals, arguing that the trial court lacked authority to order the termination of her parental rights to A.E., where A.E. was 18 years old when the court's judgment was entered. We affirm.

FACTS

Because Angela challenges only the trial court's authority to enter its judgment, we limit our presentation of the facts to those necessary for our review of the matter. The State filed a

juvenile petition for wardship on May 18, 2004, alleging that A.E., born September 18, 1987, was neglected. On November 23, 2004, the trial court entered a finding of neglect. On February 1, 2005, the minor was made a ward of the court, and guardianship was awarded to the Department of Children and Family Services.

On December 8, 2005, the State petitioned for termination of parental rights, alleging that Angela was unfit because she failed to maintain a reasonable degree of interest, concern or responsibility as to the minor's welfare. 750 ILCS 50/1(D)(b) (West 2004). The hearing on the State's petition to terminate Angela's parental rights commenced on April 26, 2006, and concluded on June 7. At the close of the evidence and argument, the trial court found that the State had proved Angela's unfitness by clear and convincing evidence.

The best interest hearing was held on July 26, 2006. The trial court found that it was in the best interest of the minor to terminate Angela's parental rights. The court granted the State's petition, and Angela appeals.

ANALYSIS

The issue raised by Angela for our review is whether the trial court lacked authority to enter its order terminating her parental rights because the minor had reached the age of 18. Specifically, Angela contends that section 2--23 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2--23 (West 2004)) limits

2

the trial court's authority to conduct a hearing to terminate parental rights with regard to minors under 18 years of age found to be dependent, neglected or abused.

Initially the State asserts that Angela has forfeited this issue for our review by filing a defective notice of appeal. At trial, the respondent-father moved to strike the minor as a respondent because she had reached 18 years of age. In her notice of appeal, Angela did not cite this order, but instead cited the trial court's order finding that termination of her parental rights was in the best interest of the minor. The State argues that in order for this court to obtain jurisdiction, Angela was required to cite the trial court's dismissal of the motion filed by the respondent-father.

Supreme Court Rule 303(b)(2) requires that the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Official Reports Advance Sheet No. 17 (August 16, 2006), R. 303(b)(2), eff. September 1, 2006. In the instant case, Angela challenges the trial court's authority to enter its order terminating her parental rights. Her notice of appeal cites that order. We, therefore, reject the State's argument.

We also reject the State's assertion that Angela forfeited this issue for our review by failing to raise it below. A challenge to the court's authority to hear a given controversy

3

may be raised at any time. In re J.B., 204 Ill. 2d 382, 789 N.E.2d 1259 (2003). We also note that reviewing courts have a duty to raise such issues sua sponte where they were not raised by the parties. J.B., 204 Ill. 2d 382, 789 N.E.2d 1259. In the instant case, Angela challenges the court's authority to hear the State's petition for termination of her parental rights. Therefore, we review the issue on its merits.

Angela asserts that the trial court lacked authority under the Act to order that her parental rights be terminated as to the minor, because the minor was 18. The State counters that Angela relies on a misinterpretation of the Act. Where, as here, we are called upon to interpret a statutory provision, our primary goal is to give effect to the legislature's intent. In re C.M., 282 Ill. App. 3d 990, 669 N.E.2d 707 (1996). We do so by looking to the plain language of the statute and giving the language its ordinary meaning. In re C.N., 196 Ill. 2d 181, 752 N.E.2d 1030 (2001). If the language is clear and unambiguous, we must give it effect as written without applying internally contradictory interpretations. See C.M., 282 Ill. App. 3d 990, 669 N.E.2d 707.

Under Section 1--3 of the Act, a "minor" is defined as "a person under the age of 21 years subject to this Act." 705 ILCS 405/1--3(10) (West 2004). An "adult" is defined as "a person 21 years of age or older." 705 ILCS 405/1--3(2) (West 2004). Under section 2--23 of the Act, the trial court may only enter

4

dispositional orders with regard to a "minor under 18 years of age" found to be abused, neglected or dependent. 705 ILCS 405/2--23 (West 2004). The Act defines a "dispositional hearing" as "a hearing to determine whether a minor should be adjudged to be a ward of the court, and to determine what order of disposition should be made in respect to a minor adjudged to be a ward of the court." 705 ILCS 405/1--3(6) (West 2004). Section 2--29 of the Act provides that a minor who is the subject of an abuse, neglect or dependency petition under the Act may be the subject of a petition for termination of parental rights. 705 ILCS 405/2--29 (West 2004).

Looking to the plain language of the statute and giving the language its ordinary meaning, we must reject Angela's argument. Angela is correct in noting that section 2--23 contains limiting language requiring that the minor be under the age of 18 at the time the court enters a dispositional order. However, an order terminating parental rights is governed by section 2--29, which contains no modifying language as to the term "minor." Thus, with regard to section 2--29, the legislature intended to employ the general definition of "minor" provided by the Act. The Act defines a minor as a person under the age of 21. 705 ILCS 405/1--3(10) (West 2004). We therefore hold that the trial court has authority to terminate parental rights with regard to a minor who is under the age of 21, so long as the minor was adjudicated

5

abused, neglected or dependent and a subsequent dispositional order was entered by the court when the minor was under 18 years of age.

In the instant case, the minor was 16 years old when the State brought its petition for juvenile wardship alleging neglect. The minor was 17 years old when the court adjudicated her neglected and entered its dispositional order. She was 18 years old when the State filed its petition to terminate Angela's parental rights and when the court granted the petition. We find that the court had authority to hear the State's petition and order that Angela's parental rights with regard to the minor be terminated.

## CONCLUSION

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

MCDADE and O'BRIEN, JJ., concur.