2026 IL App (1st) 242345-U

No. 1-24-2345

Third Division
March 31, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

|  |  |  |
|---|---|---|
| EBULON FINANCIAL GROUP, LLC, | ) | Appeal from the Circuit Court |
|  | ) | of Cook County. |
| Plaintiff-Appellant, | ) |  |
|  | ) | No. 2024 M2 001572 |
| v. | ) |  |
|  | ) | The Honorable |
| KINGA POLITANSKA, | ) | Jack J. Hagerty, |
|  | ) | Judge Presiding. |
| Defendant-Appellee | ) |  |
|  | ) |  |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The instant appeal is dismissed as moot, where our decision in a prior appeal has granted plaintiff the relief it seeks here, leaving no further relief available.

¶ 2    Plaintiff Ebulon Financial Group, LLC, is the owner of a single-family residence in Park Ridge, Illinois, which it rented to Ewa Politanska (Ewa). In 2022, plaintiff filed an eviction action against Ewa and unknown occupants based on nonpayment of rent, and the circuit court entered an agreed eviction order. After entry of the eviction order, however, Ewa's daughter, defendant Kinga Politanska (Kinga) filed a motion to vacate the agreed order and a motion for

immediate possession of the property, contending that she was a known occupant of the property and had not been named in the lawsuit or properly served. The circuit court granted Kinga's motions, vacating the agreed order with respect to her and granting her immediate possession of the property.

¶ 3 After the circuit court's orders, plaintiff filed the instant lawsuit against Kinga, seeking to evict her as a squatter or trespasser. Immediately prior to trial, Kinga filed a motion to dismiss, contending that plaintiff was engaged in improper claim-splitting, and the circuit court granted Kinga's motion. After the notice of appeal was filed in this case, however, we issued a decision in plaintiff's appeal in the prior lawsuit, reversing the circuit court's orders vacating the eviction and placing Kinga into possession. See *Ebulon Financial Group, LLC v. Politanska*, 2025 IL App (1st) 240948, *pet. for leave to appeal denied*, No. 132770 (Mar. 25, 2026). Consequently, we dismiss the instant appeal as moot.

¶ 4 BACKGROUND

¶ 5 As noted, we recently issued a decision which relates to the same matter as in the instant appeal. Accordingly, we take our facts from that prior decision where appropriate.

¶ 6 *Prior Litigation*

¶ 7 Plaintiff is the owner of a single-family residence in Park Ridge (the property). On October 5, 2022, plaintiff filed an eviction complaint in case No. 2022 M2 003221 against Ewa, seeking possession of the property, as well as over $171,000 in past-due rent (the 2022 case). Attached to the complaint was a lease naming Ewa as the tenant and plaintiff as the landlord. Also attached to the complaint was a five-day notice to "Ewa Politanska, Kinga Politanska and all unknown occupants" demanding full payment of rent, as well as an affidavit of service from plaintiff's managing member averring the delivery of the five-day notice.

¶ 8        On January 6, 2023, plaintiff and Ewa entered into a written settlement agreement, which provided that Ewa was to purchase the property. The agreement further provided that if Ewa failed to close the transaction by a certain date, Ewa, her guests, and all unknown occupants would be required to vacate the property by that date; in that event, Ewa also consented to the entry of an agreed order of possession with no stay, along with a money judgment of approximately $276,000 less any payments made since the agreement was executed. On the same day as the execution of the settlement agreement, the circuit court entered an agreed dismissal order dismissing the case, subject to reinstatement on the same terms.

¶ 9        Ewa failed to complete the purchase of the property and, accordingly, the circuit court entered an agreed order vacating the dismissal order and granted a separate agreed order granting plaintiff possession of the property. In the agreed order, the circuit court ordered Ewa and "unknown occupants" to vacate the premises by October 10, 2023. The circuit court further ordered that "[i]f Defendants do not move out by the date and time listed above, the Sheriff is ordered to evict the following Defendants: Ewa Politanska[,] Kinga Politanska (not a defendant)," and "unknown occupants." In a different order, the circuit court entered a money judgment against Ewa.

¶ 10       On November 17, 2023, Kinga filed a "motion to vacate void orders and quash service." Kinga claimed that she had a possessory interest in the property and "has lived in the Property for years," and further claimed that plaintiff was aware of this fact, as evidenced by her being named in the five-day notice and in the eviction order. As such, Kinga contended that she was a known occupant of the property and was required to have been named and served in the action, rendering the resulting eviction order void. The eviction was effectuated on November

20, 2023, but Kinga subsequently made an unauthorized entry onto the property, removing all items remaining inside, and was arrested and charged with criminal trespass.[1]

¶ 11    On January 30, 2024, the circuit court granted Kinga's motion, finding that she was a known occupant of the property, but was not made a proper party to the case, nor was she properly served. Consequently, the circuit court ordered that "[t]he orders entered against Kinga are held for naught" and she was "permitted to pursue any rights she may have as a result of this Court's ruling."

¶ 12    On April 1, 2024, Kinga filed a motion for immediate possession of the property, claiming that "Kinga has an absolute right to possession of the Real Estate as she has not been legally evicted." The circuit court granted Kinga's motion on April 4, 2024. Plaintiff filed a notice of appeal on April 26, 2024, challenging the circuit court's orders vacating the eviction order as to Kinga and placing her in immediate possession.

¶ 13                                  *Current Case*

¶ 14    In addition to pursuing its appeal in the 2022 case, on April 16, 2024, plaintiff filed a new lawsuit in case No. 2024 M2 001572, seeking an order of possession against Kinga as a squatter or trespasser. Attached to the complaint was a demand for immediate possession dated April 8, 2024, as well as an affidavit of service from a special process server which averred personal service of the demand on Kinga.

¶ 15    Kinga filed an appearance on June 6, 2024, and filed a motion to consolidate the new action with the prior action, which was denied. Both parties filed motions for substitution of judge as

---

[1] Kinga was ultimately found guilty of one count of misdemeanor trespass, for which she was sentenced to 12 months of conditional discharge.

of right, and the matter was transferred to a third judge in August 2024, where it was set for a bench trial on August 22, 2024.

¶ 16    On August 20, 2024, Kinga filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2024)), contending that the complaint was barred by either *res judicata* or the rule against claim-splitting, as both the instant lawsuit and the 2022 case sought the same relief, namely, Kinga's eviction from the property. Kinga's notice of motion set the matter for hearing on August 22, 2024—the date the case was scheduled for trial. The parties appeared before the circuit court on that date, where plaintiff's counsel objected to the untimely filing of a motion to dismiss on the eve of trial. The parties engaged in argument concerning the motion to dismiss, and the circuit court determined that it was "not in a position today where I feel comfortable having a trial in this case," as it was "concerned that there may well be legitimate claims splitting issues presented here."

¶ 17    On October 23, 2024, the circuit court granted Kinga's motion to dismiss, finding that plaintiff had engaged in impermissible claim-splitting, and dismissed the complaint with prejudice.

¶ 18    Plaintiff filed a timely notice of appeal on November 22, 2024. On November 19, 2025, however, during the pendency of the parties' appellate briefing, this court issued a decision in the 2022 case, reversing the circuit court's orders vacating the eviction as to Kinga and placing her in possession of the property. See *Ebulon Financial Group*, 2025 IL App (1st) 240948. Specifically, we found that Kinga had not established that she was anything more than an unknown occupant and, therefore, was not required to have been named in the eviction complaint and was properly served in her capacity as an unknown occupant. *Id.* ¶ 44. As such, the eviction order was validly entered against her. *Id.*

¶ 19                                    ANALYSIS

¶ 20        On appeal, plaintiff contends that the circuit court erred in granting Kinga's motion to dismiss. We find, however, that our recent decision requires us to dismiss the instant appeal as moot. The jurisdiction of a court of review is limited to cases which present an actual controversy. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001). As such, we will generally not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). As relevant to the instant case, "[a]n appeal is moot when it involves no actual controversy or the reviewing court cannot grant the complaining party effectual relief." *Steinbrecher*, 197 Ill. 2d at 522-23. Where a decision on the merits would not result in appropriate relief, the decision is essentially an advisory opinion. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. Accordingly, where a claim is moot, the appeal must be dismissed. *Id.* ¶ 21. The question of mootness is one we decide *de novo*. *In re Alfred H.H.*, 233 Ill. 2d at 350.

¶ 21        As noted, our decision in the 2022 case was issued during the pendency of briefing on the instant appeal. Specifically, it was issued after Kinga had filed her appellee brief, but prior to plaintiff filing its reply brief. Accordingly, the issue of the effect of our decision was not briefed by the parties. A reviewing court, however, has the independent duty to examine its own jurisdiction, even if not addressed by the parties. See *In re J.B.*, 204 Ill. 2d 382, 388 (2003) (reviewing court has a duty to raise issue of mootness *sua sponte* even if not raised by the parties). Moreover, the prohibition against issuing an advisory opinion applies even where a case is pending on appeal when the events rendering an issue moot occur. *In re Marriage of Donald B.*, 2014 IL 115463, ¶ 23; *Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007).

¶ 22    We observe that, while plaintiff did not address our decision in its reply brief, it generally claimed that the outcome of the appeal in the 2022 case "does not have any impact on the issues presented in this case," as the instant appeal concerns Kinga's actions upon regaining possession of the property. Plaintiff's position, however, presupposed that it would be unsuccessful in the 2022 case. While we express no opinion as to what the effect of an affirmance in that case would have been, the fact remains that plaintiff was successful in its prior appeal, and that success is dispositive here.

¶ 23    The relief plaintiff seeks in the instant appeal is a reversal of the dismissal of the second eviction action, summary judgment in its favor, and entry of an order of possession against Kinga. The result of our prior decision, however, is that there was a valid eviction order entered against Kinga, terminating any right she had to the property. See *Ebulon Financial*, 2025 IL App (1st) 240948, ¶ 47 ("Kinga's rights were validly extinguished through the entry of the eviction order."). Thus, by virtue of our prior decision, plaintiff has already effectively received the relief it seeks—an order of possession against Kinga. There is no further relief which we could grant in this appeal, even if plaintiff was successful. Consequently, where we are unable to grant any effectual relief, the appeal is moot. See *Steinbrecher*, 197 Ill. 2d at 522-23.

¶ 24    We observe that a reviewing court may consider a technically moot question if it falls within an exception to the mootness doctrine. See *In re Christopher C.*, 2018 IL App (5th) 150301, ¶ 13 (enumerating exceptions). None of the recognized exceptions, however, appear to apply to the instant appeal. Accordingly, we dismiss the appeal as moot. See *Commonwealth Edison*, 2016 IL 118129, ¶ 21.

¶ 25                                CONCLUSION

¶ 26        The instant appeal is dismissed as moot, where our prior decision has granted plaintiff the

relief it seeks here, leaving no further relief which could be granted.

¶ 27        Appeal dismissed as moot.