(Nos. 82545, 82546, 82665 cons.—

*In re* ADOPTION OF TAD ALEXANDER WALGREEN II *et al.* (Charles Walgreen III *et al.*, Appellants, v. Loren Walgreen, Appellee).

*Opinion filed March 18, 1999.—Rehearing denied June 1, 1999.*

Melvyn H. Berks and Scott C. Colky, of Berks, Colky & Sinton, Ltd., of Des Plaines (Timothy J. McGonegle, of Ashcraft & Ashcraft, Ltd., of Chicago, of counsel), for appellants.

Terry O'Donnell, of Elmhurst, for appellee.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for intervenor-appellant Illinois Department of Children & Family Services.

Amicus curiae Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Teresa Maganzini, Terry Lotsoff and Nancy L. Grauer, Assistant State's Attorneys, of counsel).

Amicus curiae Patrick T. Murphy, Cook County Public Guardian, of Chicago (Lee Ann Lowder and Daniel Halvorsen, of counsel).

Mark J. Heyrman, of Chicago, for amicus curiae Mandel Legal Aid Clinic.

JUSTICE HARRISON delivered the opinion of the court:

Charles Walgreen III and his wife, Kathleen, filed a

petition in the circuit court of Cook County to adopt two of their grandchildren, Tad Alexander Walgreen II and Brooke Julia Walgreen. The Walgreens' petition, as amended, was premised on the claim that Loren, the children's biological mother, was unfit within the meaning of sections 1(D)(k) and 1(D)(p) of the Adoption Act (750 ILCS 50/1(D)(k), (D)(p) (West 1992)).

The Illinois Department of Children and Family Services (DCFS) sought leave to intervene and was allowed to do so. Following extensive proceedings, the circuit court entered judgment denying the Walgreens' petition. As grounds for its decision, the court held that sections 1(D)(k) and 1(D)(p) of the Adoption Act were unconstitutional. Pursuant to Supreme Court Rule 302(a)(1) (134 Ill. 2d R. 302(a)(1)), the Walgreens and DCFS appealed directly to this court. We allowed the Cook County Public Guardian to appear as *amicus curiae* in support of the Walgreens. We also allowed the Mental Health Project of the Edwin F. Mandel Legal Aid Clinic to appear as *amicus curiae* in support of Loren.

After the appeal was filed, the Walgreens advised this court that Loren had consented to the adoption of Tad and Brooke and that new adoption proceedings had been initiated in the circuit court. Those proceedings are now concluded. A final judgment of adoption was entered on April 30, 1998. The Walgreens have become Tad and Brooke's parents.

Because the Walgreens have succeeded in adopting the children, the issue of whether the circuit court acted correctly in denying the adoption petition at issue here is no longer of any consequence. Even if the circuit court was wrong, a decision by our court could not grant the Walgreens any relief that they have not already received. The case has therefore become moot. See, *e.g., Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 116-17 (1992).

Both the Walgreens and Loren have consented to dismissal of the case based on mootness. The only party to oppose dismissal is the intervenor, DCFS, which argues that we should address the legal issues in the case in order to provide guidance in future cases. This we decline to do. Our court has held that when an opinion on a question of law cannot affect the result as to the parties or controversy in the case before it, a court should not resolve the question merely for the sake of setting a precedent to govern potential future cases. *Bluthardt v. Breslin*, 74 Ill. 2d 246, 251 (1979); see also *First National Bank v. Kusper*, 98 Ill. 2d 226, 235 (1983) (court will not review cases merely to establish a precedent or guide future litigation). This limitation is no mere technicality. The existence of a real controversy is a prerequisite to the exercise of our jurisdiction. *In re Estate of Wellman*, 174 Ill. 2d 335, 353 (1996).

Our court has recognized an exception to the mootness doctrine when the question involved is of a public nature, the circumstances are likely to recur, and an authoritative determination for the future guidance of public officers is desirable. *Lucas v. Lakin*, 175 Ill. 2d 166, 170 (1997). The exception is construed narrowly (see *Edwardsville School Service Personnel Ass'n v. Illinois Educational Labor Relations Board*, 235 Ill. App. 3d 954, 959 (1992)), and a clear showing of each criterion is required to bring a case within its terms (*Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 395 (1994)).

The case before us today does not meet this exacting standard. Although the constitutionality of the fitness provisions challenged here does present a question of substantial public interest, the need to make an authoritative determination for future guidance of public officers is questionable. This case does not present a situation where the law is in disarray or there is conflicting

precedent. Various panels of the appellate court have considered similar constitutional challenges to the fitness provisions of the Adoption Act and consistently found them to be valid. See *In re A.S.B.*, 293 Ill. App. 3d 836 (1997); *In re J.S.*, 213 Ill. App. 3d 126 (1991); *In re I.D.*, 205 Ill. App. 3d 543 (1990). The circuit court's decision here is the only one to hold otherwise, and it has no precedential value. See *Forest Preserve District v. Estes*, 222 Ill. App. 3d 167, 177 (1991); *Kennedy Brothers, Inc. v. Property Tax Appeal Board*, 158 Ill. App. 3d 154, 165 (1987). It is binding only with respect to the adoption of these two particular children.

Because the children have now been adopted with their biological mother's consent, the mother's fitness, and the standards by which that fitness is determined, will not be at issue again. The constitutionality of the fitness provisions may still arise in other adoption cases. There is no reason to believe, however, that the question cannot be fully litigated by the affected parties there. The long and complex history of this case demonstrates that this is not the sort of dispute which is, by its nature, too short in duration to be fully litigated prior to its cessation.

Having concluded that the case is moot and that it does not fall within the public interest exception to mootness, we must still address how this litigation should be resolved. Normally when an issue presented on appeal becomes moot, the appeal will be dismissed. To dismiss the appeal here would be inappropriate, however, because it would leave standing the circuit court's unreviewed judgment that sections 1(D)(k) and 1(D)(p) of the Adoption Act are unconstitutional. *First National Bank*, 98 Ill. 2d at 236. Because we do not determine the correctness of that judgment, the proper course is to vacate the judgment and remand the cause to the circuit court with directions to dismiss the complaint. *In re Special Prosecutor*, 126 Ill. 2d 208 (1988); *Bluthardt*, 74 Ill. 2d at 251.

For the foregoing reasons, the judgment is vacated, and the cause is remanded to the circuit court of Cook County with directions to dismiss the Walgreens' petition for adoption.

*Vacated and remanded with directions.*