*In re* AN. C. *et al.*, Minors, Respondents-Appellants (The People of the State of Illinois, Petitioner-Appellee, v. Ann C. *et al.*, Respondents).

First District (6th Division)    No. 1—05—0411

Opinion filed July 29, 2005.

TULLY, J., specially concurring.

Robert F. Harris, Public Guardian, of Chicago (Kass A. Plain and Gwendolyn M. Duffield, of counsel), for appellants.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald, Nancy Kisicki, and Nancy Faulls, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

In this case the parties ask us to decide whether the trial court has jurisdiction to rule on a petition for adjudication of wardship over a child who becomes 18 years old after the petition is filed but before the court holds the adjudication hearing. The trial court held that it lost jurisdiction when the child turned 18. We find the issue moot because the court has no authority to grant the child any relief, even if the court has jurisdiction to decide the petition for adjudication of wardship. Therefore, we affirm the trial court's dismissal of the petition.

The State's Attorney for Cook County filed petitions for adjudication of wardship of An. C. and Ap. C. on December 3, 2004. The trial court granted temporary custody of both children to the Department of Children and Family Services. After resolving a problem with service

on Anthony C., the father of the minors, the court set February 14, 2005, as the date for a hearing on adjudication and disposition of the petitions. On February 14, 2005, the assistant State's Attorney moved to dismiss the petitions. The court noted that An. C. and Ap. C., both born on February 8, 1987, had reached their eighteenth birthdays almost a week before the hearing. The court dismissed both petitions for lack of jurisdiction. The Public Guardian brings this appeal on behalf of Ap. C. and An. C.

Because the court decided that it lacked jurisdiction as a matter of law, we review the decision *de novo*. See *In re C.N.*, 196 Ill. 2d 181, 203 (2001). "If the resolution of a certain question of law cannot affect the result as to the parties or controversy before it, the court should not resolve the question merely to set a precedent or to guide future litigation." *Primeco Personal Communications, L.P. v. Illinois Commerce Comm'n*, 196 Ill. 2d 70, 100 (2001).

According to section 2—23 of the Juvenile Court Act of 1987 (the Act), the trial court has authority to order placement or custody for minors "under 18 years of age" found to be dependent, neglected or abused. 705 ILCS 405/2—23(1) (West 2004). The Act does not give the court authority to order any disposition for a person who has attained 18 years of age prior to the disposition. The legislature has limited the trial court's discretion in the entry of dispositional orders to the alternatives specified in the Act. *In re P.F.*, 265 Ill. App. 3d 1092, 1104 (1994).

The limitation of dispositions comports with the general provision that "[a] person who has attained the age of 18 years is of legal age for all purposes except as otherwise provided in the Illinois Uniform Transfers to Minors Act [(760 ILCS 20/1 *et seq.* (West 2004))]." 755 ILCS 5/11—1 (West 2004). While the Act allows the court to continue a placement until the ward is 19, and even later under some circumstances (705 ILCS 405/2—31 (West 2004)), the Act does not grant the court authority to enter any new disposition for a person already 18 years old. The Act permits the court to reinstate a wardship in a previously closed case, but only "prior to [the] minor's 18th birthday." 705 ILCS 405/2—33(1) (West 2004).

Thus, the Act does not give the court authority to order any disposition for either An. C. or Ap. C. The issue of whether the court has jurisdiction to hear the petitions for adjudication of wardship is, therefore, moot.

Illinois courts may address a moot issue only if "the question involved is of a public nature, the circumstances are likely to recur, and an authoritative determination for the future guidance of public officers is desirable." *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365

(1999). Courts must construe the requirements narrowly and apply them only on "a clear showing of each criterion." *Walgreen*, 186 Ill. 2d at 365.

We see little public interest in the issue of whether the court has jurisdiction to enter an adjudication in a proceeding for wardship when a person under 18 years of age at the time of neglect reaches 18 prior to adjudication. Even if the court has such jurisdiction, it lacks authority to order any disposition, so it cannot grant any relief. The circumstances may recur, but we see no immediate need for guidance on the issue. The court should wait for a case in which the parties can show how resolution of the issue of jurisdiction will make some conceivable difference to the parties.

Because the trial court lacked authority to grant An. C. and Ap. C. any relief after they turned 18, the case became moot. Accordingly, we see no need to address the issue of whether the court has jurisdiction to decide the petitions for adjudication of wardship. We affirm the trial court's dismissal of the petitions to declare An. C. and Ap. C. wards of the court.

Affirmed.

O'MARA FROSSARD, J., concurs.

JUSTICE TULLY, specially concurring:

I concur in the judgment of the majority but write separately to emphasize that our resolution of this case is legally correct but morally indefensible. The circumstances of the minors in this case illustrate an unacceptable gap in the safety net created by the Juvenile Court Act to protect the children of this state.

The majority correctly concludes that the limitation on the trial court's authority is not a question of jurisdiction but, rather, the lack of a remedy for minors who are subjected to neglect or abuse while under the age of 18, but who turn 18 before the trial court enters a dispositional order under section 2—23 of the Act (705 ILCS 405/2—23 (West 2004)). I have carefully reviewed the text of section 2—23 and must reluctantly agree with the majority that relief is available under that provision only for "[a] minor under 18 years of age." 705 ILCS 405/2—23 (West 2004).

A minor who has been abused or neglected does not magically recover from such adversity simply because she reaches the age of 18. Any parent knows that the decisions a young person makes shortly before and after her eighteenth birthday about employment and education can have profound impact and can affect the course of a young

person's life for many years to come. The legislature likewise recognizes that the services received by an abused or neglected minor shortly after her eighteenth birthday can determine whether the minor will go on to become a productive member of society. This is reflected in section 2—31 (705 ILCS 405/2—31 (West 2004)), which provides that proceedings under the Act, and a wardship created under the Act, do not automatically terminate until a minor reaches the age of 19 and can be continued by the trial court for good cause until the age of 21. Eighteen is clearly not an age at which the need for services automatically ends or at which the trial court loses jurisdiction over a minor.

Unfortunately, the minors in this case have fallen through a gap in the statute and have been denied the potential benefits of state intervention in this critical period in their lives. The need for intervention was recognized prior to the minors' eighteenth birthdays, but because of delays inherent in locating the minors' parents, or perhaps as the result of the State's and the trial court's failure to recognize the importance of their impending birthdays, no disposition was made until it was too late to do so under section 2—23. As a result the minors have been denied the benefits of extending any potential wardship until the age of 19 or possibly as long as the age of 21 as provided under section 2—31. Accordingly, because of the conflicting language of these statutory sections, the legislature has created an effective cutoff date for intervention in the lives of minors, not at age 18, but at some ill-defined date weeks or months prior to age 18 determined by the speed with which the State and the courts can dispose of the cases. There is no logical reason why the minors in this case should have been denied the services available to them at this critical juncture in their lives merely because they were born six days too early or because the State and the trial court failed to act until six days too late. I believe it is incumbent upon the legislature to act to correct this gap in the protection of the Juvenile Court Act by amending section 2—23 to allow for the disposition of cases that were properly filed before a minor's eighteenth birthday, even if the minor reaches that age before the dispositional hearing.