WOODALL, Justice
(dissenting).
In my opinion, these appeals from a preliminary injunction should be dismissed as moot. Therefore, I respectfully dissent.
In granting a preliminary injunction, a trial court does not reach the merits of a case. Benetton S.p.A, v. Benedot, Inc., 642 So.2d 894, 401 (Ala.1994). Therefore, “[i]t is well established that when this Court reviews a preliminary injunction, ‘we are not reviewing a final judgment on a hearing of the case on its merits.’ ” EB Invs., L.L.C. v. Atlantis Dev., Inc., 930 So.2d 502, 510 (Ala.2005)(quoting Howell Pipeline Co. v. Terra Res., Inc., 454 So.2d 1358, 1358 (Ala.1984)). Consequently, a proper review of the trial court’s order in this case would be limited to a determination of whether the trial court exceeded its discretion in granting the preliminary relief. However, there is no need for this Court to conduct such a review.
By written motion, Cornerstone and FTV have moved “this Court to dissolve the injunction and dismiss the consolidated appeals so that the parties may proceed in an orderly fashion in the trial court towards a determination, based upon a full evidentiary record, of the important issue of server-based bingo under Alabama law.” In other words, Cornerstone and FTV want the preliminary injunction from which the Riley defendants have appealed to be dissolved, leaving the parties in the same positions they occupied before the injunction was entered. Stated simply, Cornerstone and FTV no longer insist that they have the right to possess and to use the electronic gaming machines in question pending a final judgment. The Riley defendants, who seek a reversal of the trial court’s order, should not be heard to complain of the dissolution of the injunction or the dismissal of their unnecessary appeals. Therefore, this Court should dissolve the preliminary injunction — or remand the case for the trial court to do so — and dismiss the appeals as moot. “There is no doubt of the general rule that if pending an appeal ‘appellee ... does, or relinquishes the right to do some act in respect to which the appeal was taken,’ the appeal should be dismissed.” Willis v. Buchman, 240 Ala. 386, 388, 199 So. 892, 894 (1940) (opinion on rehearing) (quoting Caldwell v. Loveless, 17 Ala.App. 381, 382, 85 So. 307, 307 (1920)). There is no reason to deviate from this general rule in this case. The parties’ rights remain to be determined on the merits in the trial court, and, as I will explain, the public-interest exception to the mootness doctrine does not apply.
“It is true that an exception [to the mootness doctrine] exists for a ‘moot case involving issues of great public importance, which may recur in the future.’ ” Chapman v. Gooden, 974 So.2d 972, 989 (Ala.2007) (quoting 1A C.J.S. Actions § 81 (2005)). One criterion for applying this exception is “ ‘the desirability of an authoritative determination for the purpose of guiding public officers.’” Chapman, 974 So.2d at 989 (emphasis added). “However, [the public-interest] ‘exception is construed narrowly ... and a clear showing of each criterion is required to bring a case within its terms.’” Id. (quoting In re Adoption of Walgreen, 186 Ill.2d 362, 365, 710 N.E.2d 1226, 1227, 238 Ill.Dec. 124, 125 (1999))(emphasis added). The decision rendered by the majority is not authorita *90 tive; therefore, the public-interest exception to the mootness doctrine is not applicable.
The majority states “that there is a clear and pressing need for an authoritative determination as to [whether electronic bingo is legal].” 42 So.3d at 76. However, the main opinion is in no way “authoritative.” Indeed, only the unnecessary reversal of the preliminary injunction is binding on the trial court. This is so because the factual record for this case is likely to be quite different if and when a final trial is conducted.
According to the majority, this case involves “legal questions of great public interest and importance.” 42 So.3d at 77. If that be the case, such questions should be resolved only when this Court receives an appeal from a final judgment on the merits accompanied by a full factual record. Otherwise, this Court will have ignored its own admonition that it should “ ‘not allow the judiciary of this state to become a political foil, or a sounding board for topics of contemporary interest.’ ” Siegelman v. Alabama Ass’n of Sch. Bds., 819 So.2d 568, 576 (Ala.2001) (quoting Ex parte State ex rel. James, 711 So.2d 952, 962 (Ala.1998)).
COBB, C.J., and LYONS, J., concur.