# Illinois Official Reports

## Appellate Court

---

### *In re K.C.*, 2019 IL App (4th) 180693

---

| | |
|---|---|
| Appellate Court Caption | *In re* K.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. K.C., Respondent-Appellant). |
| District & No. | Fourth District<br>Docket No. 4-18-0693 |
| Filed | March 14, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 18-JD-57; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, John M. McCarthy, and Jessica L. Fangman, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Rosario David Escalera Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Holder White and Justice DeArmond concurred in the judgment and opinion. |

**OPINION**

¶ 1    In March 2018, the State filed a petition for adjudication of delinquency and wardship, alleging that respondent, K.C. (born Jan. 21, 2002), was a delinquent minor because he unlawfully possessed a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) and the debit card of another person (720 ILCS 5/17-32(b) (West 2016)). Following a detention hearing, the trial court found it was a matter of immediate and urgent necessity to detain respondent. Respondent was subsequently released from detention. In April 2018, the State filed a supplemental petition for adjudication of delinquency and wardship, alleging respondent committed burglary to a motor vehicle (*id.* § 19-1(a)) and unlawful use of a weapon (*id.* § 24-1(a)(1)). The court again found it was a matter of immediate and urgent necessity to detain respondent. In May 2018, respondent pleaded guilty to burglary of a motor vehicle. The court conditionally released him from detention. In June 2018, the State filed a supplemental petition for adjudication of delinquency and wardship, alleging respondent committed retail theft (*id.* § 16-25(a)(1)). The court found it was a matter of immediate and urgent necessity to detain respondent. In July 2018, the court ordered respondent to be committed to the Department of Juvenile Justice.

¶ 2    Respondent appeals, asserting (1) the trial court failed to consider the requisite statutory factors prior to ordering his detention and (2) although moot, this court should consider the issue under the public interest exception. The State argues this court lacks jurisdiction to consider respondent's appeal. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On March 21, 2018, the State filed a petition for adjudication of delinquency and wardship, alleging that respondent unlawfully possessed a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) and the debit card of another person (720 ILCS 5/17-32(b) (West 2016)).

¶ 5    On March 26, 2018, the trial court arraigned respondent on the petition and conducted a detention hearing. The State presented a factual basis supporting the petition and requested that respondent be detained.

¶ 6    The trial court found respondent should be detained pending adjudication, stating, in pertinent part, as follows:

> "I do find probable cause to believe the [r]espondent [m]inor is a delinquent minor as alleged in each of these matters.
>
> I would note that we do have police contacts going back now over seven *** years almost, and I would also note that we have *** five failed station adjustments. The fact that these are two separate dates[,] and [in light of] the seriousness of the allegations[,] it's the Court's determination at this time it is a matter of urgent and immediate necessity that the [r]espondent [m]inor be detained for the protection of the person and property of another."

The trial court then entered an order of temporary detention.

¶ 7    On April 13, 2018, the trial court released respondent from detention. On April 26, 2018, the State filed a supplemental petition for adjudication of delinquency and wardship, alleging that, following his release from detention, respondent committed burglary to a motor vehicle (*id.* § 19-1(a)) and unlawful use of a weapon (*id.* § 24-1(a)(1)). That same day, the trial court

arraigned respondent on the supplemental petition and conducted a detention hearing. The State presented a factual basis supporting the supplemental petition and again requested that respondent be detained. The court found probable cause and determined respondent should be detained, stating as follows: "Based upon the proffers, there's probable cause to believe [respondent] committed one or more of the offenses set forth in the supplemental petition. It is a matter of immediate and urgent necessity that he be detained." The court then entered a second order of temporary detention.

¶ 8        On May 18, 2018, respondent pleaded guilty to burglary to a motor vehicle. The trial court conditionally released him from detention.

¶ 9        On June 7, 2018, the State filed a supplemental petition for adjudication of delinquency and wardship, alleging that, following his most recent release from detention, respondent committed the offense of retail theft (*id.* § 16-25(a)(1)). The trial court arraigned respondent on the supplemental petition and conducted a detention hearing on June 7, 2018. The court found probable cause and determined respondent should be detained, stating, in pertinent part, as follows:

> "I do find there is probable cause to believe the [r]espondent minor is a delinquent minor as alleged in the supplemental petition. I note this is a young man who is pending sentencing for burglary to a motor vehicle and was literally released just a few weeks ago on May 18. It is the Court's determination that it is a matter of urgent and immediate necessity that he be detained for the protection of the person or property of another. It is the order of the Court he will be held in the custody of Court Services pending the next hearing."

That same day, the trial court entered a third order of temporary detention.

¶ 10       On July 20, 2018, the trial court ordered respondent to be committed to the Department of Juvenile Justice for five years or until his twenty-first birthday, whichever occurred first. Respondent filed a motion to reconsider his sentence, which the court denied.

¶ 11       This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13       On appeal, respondent argues that (1) the trial court failed to consider the requisite statutory factors prior to ordering his detention and (2) although moot, this court should consider the issue under the public interest exception. The State argues this court lacks jurisdiction to consider respondent's appeal.

¶ 14                                   A. Jurisdiction

¶ 15       The State challenges this court's jurisdiction based on respondent's purportedly deficient notice of appeal. Specifically, the State contends that respondent's notice of appeal failed to identify his assertion that the trial court erred in ordering his detention on three occasions.

¶ 16       "[I]t is generally accepted that a notice of appeal is to be liberally construed." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433, 394 N.E.2d 380, 382 (1979). "The notice of appeal serves the purpose of informing the prevailing party in the trial court that the unsuccessful litigant seeks a review by a higher court." *Id.* "[T]he failure to specify a particular order in a notice of appeal does not preclude our review of that order 'so long as the order that is specified directly relates back to the judgment or order from which review is sought.' " *In re*

*Desiree O.*, 381 Ill. App. 3d 854, 863, 887 N.E.2d 59, 68 (2008) (quoting *Perry v. Minor*, 319 Ill. App. 3d 703, 709, 745 N.E.2d 113, 118 (2001)). " 'Where the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal.' " *People v. Smith*, 228 Ill. 2d 95, 105, 885 N.E.2d 1053, 1059 (2008) (quoting *Lang v. Consumers Insurance Service Inc.*, 222 Ill. App. 3d 226, 230, 583 N.E.2d 1147, 1150 (1991)).

¶ 17    Here, the amended notice of appeal states that the nature of the order appealed from is the adjudication, sentence, and denial of motion to reconsider the sentence. Respondent's motion to reconsider challenged the length of his sentence, but failed to identify issues regarding the court's predetention findings. While we find that the amended notice of appeal fails to identify the issue respondent now raises on appeal, we view the deficiency to be a matter of form, which has not resulted in prejudice to the State. See *id.* Thus, construing the notice of appeal liberally, we find this court has jurisdiction to consider the appeal.

¶ 18                    B. The Public Interest Exception to the Mootness Doctrine

¶ 19    Respondent argues that the trial court was obligated to consider the statutory factors listed in section 5-501(2) of the Juvenile Court Act of 1987 (705 ILCS 405/5-501(2) (West 2016)) before detaining him on three separate occasions but failed to do so each time. Respondent acknowledges this issue is moot because he has already been sentenced to the Department of Juvenile Justice. However, respondent maintains that this court may address the issue under the public interest exception to the mootness doctrine. Specifically, he contends this court's review of the issue is necessary because it "will continue to affect minors" and future guidance is necessary because "[t]here does not appear to be any authoritative determination within Illinois law as to whether the circuit court must consider the factors listed in the *** statute when determining the existence of immediate and urgent necessity to detain a minor."

¶ 20    "An issue on appeal is moot where it no longer presents an actual controversy." *People v. Harvey*, 2018 IL 122325, ¶ 19, 115 N.E.3d 172. However, the public interest exception to the mootness doctrine "permits review of an otherwise moot question where the 'magnitude or immediacy of the interests involved warrant[s] action by the court.' " *In re Shelby R.*, 2013 IL 114994, ¶ 16, 995 N.E.2d 990 (quoting *Felzak v. Hruby*, 226 Ill. 2d 382, 392, 876 N.E.2d 650, 657 (2007)). This narrowly construed exception applies only when each of the following elements are shown: "(1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur." *Id.* We decide *de novo* whether this exception applies. *In re Alfred H.H.*, 233 Ill. 2d 345, 350, 910 N.E.2d 74, 77 (2009).

¶ 21    The State concedes that the first element to the public interest exception—whether the question presented is of a public nature—applies here. A minor's liberty interest is a question of a public nature. See *In re Austin S.*, 2015 IL App (4th) 140802, ¶ 30, 45 N.E.3d 1096. However, the State asserts that respondent has failed to show the second and third elements apply. We focus our analysis on the second element.

¶ 22    As stated, respondent contends future guidance is necessary because "this issue will continue to affect minors" and "[t]here does not appear to be any authoritative determination within Illinois law as to whether the circuit court must consider the factors listed in the *** statute when determining the existence of immediate and urgent necessity to detain a minor."

The State counters that "there is no need for guidance because the statute clearly states the trial court must consider the *** factors listed in [the statute]." We agree with the State.

¶ 23 The relevant portion of section 5-501(2) of the Juvenile Court Act of 1987 provides as follows:

"If the court finds that it is a matter of immediate and urgent necessity for the protection of the minor or of the person or property of another that the minor be detained or *** that he or she is likely to flee the jurisdiction of the court, the court may prescribe detention ***; otherwise it shall release the minor from custody. *** In making the determination of the existence of immediate and urgent necessity, the court shall consider among other matters: (a) the nature and seriousness of the alleged offense; (b) the minor's record of delinquency offenses, including whether the minor has delinquency cases pending; (c) the minor's record of willful failure to appear following the issuance of a summons or warrant; (d) the availability of non-custodial alternatives, including the presence of a parent, guardian or other responsible relative able and willing to provide supervision and care for the minor and to assure his or her compliance with a summons." 705 ILCS 405/5-501(2) (West 2016).

¶ 24 Contrary to respondent's assertion, the statute clearly states that the trial court "shall consider" the identified matters. *Id.* Respondent notes that the State concedes in its brief that the court did not consider the fourth factor (the availability of noncustodial alternatives) and argues, quoting *In re Alfred H.H.*, 233 Ill. 2d at 355, that "the circuit court's failure to properly follow the statute shows 'there is a need for authoritative determination for the future guidance of public officers.' " However, simply because the trial court may not have followed the statute does not lead to the conclusion that the statute's requirements are somehow unclear. We think the statute plainly sets forth the criteria the trial court is to consider in making a finding as to immediate and urgent necessity. Respondent has thus failed to show an authoritative determination is needed for future guidance. See *id.* at 358 ("Because this case 'does not present a situation where the law is in disarray or there is conflicting precedent,' respondent has failed to show that this case meets the second requirement for the 'public interest' exception." (quoting *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365-66, 710 N.E.2d 1226, 1227 (1999))). Accordingly, we decline to review this moot issue under the public interest exception.

¶ 25                                    III. CONCLUSION
¶ 26 For the reasons stated, we affirm the trial court's judgment.

¶ 27 Affirmed.