

**FILED**
April 25, 2023 05:18 PM
ST-2022-CV-00247
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*******

|  |  |
|---|---|
| SENATOR STEVEN D. PAYNE, SR., an Elected Member of the 34th Legislature and Ms. Noellise Powell, <br><br> Plaintiffs, <br><br> v. <br><br> DONNA FRETT-GREGORY as Senator and President of the 34th Legislature of the Virgin Islands and its Membership, <br><br> Defendants. | CIVIL NO. ST-22-CV-247 <br><br> ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION <br><br> Cite as 2023 VI Super 15U |

**TRESTON E. MOORE, Esq.**
MOORE, DODSON, RUSSELL & WILHITE, P.C.
14A Norre Gade
P.O. Box 310
St. Thomas, V.I. 00804-0310
*Attorneys for the Plaintiffs*

**JOSEPH B. ARELLANO, Esq.**
ARELLANO & ASSOCIATES
No. 4 & B Kongens Gade
P.O. Box 11899
St. Thomas, V.I. 00801
*Attorneys for the Defendants*

**CARTY, RENÉE GUMBS, Judge**

## MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court upon Defendants', Donna Frett-Gregory, as Senator and President of the 34th Legislature, (hereinafter "Senate President Frett-Gregory") and the membership of the 34th Legislature's, (the "Legislature" or collectively "Defendants") motion to dismiss on the grounds of mootness filed on January 7, 2023. Senator Steven Payne and Noellise Powell, (together "Plaintiffs") filed their opposition on January 17, 2023. Defendants filed their reply on January 24, 2023. On January 10, 2023, the Court heard oral arguments on Defendants'

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*      Cite as 2023 VI Super 15U
   *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

previously filed motions to dismiss on separate grounds in addition to this motion on the grounds

of mootness. Considering the arguments by both parties, the Court will deny the motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

¶2      On March 14, 2022, an employee of Senator Steven Payne filed a complaint against him

for sexual harassment, stemming from alleged actions that occurred on the island of St. Croix,

Virgin Islands. Thereafter, the 34th Legislature's Committee on Ethical Conduct ("CEC") opened

an investigation into the matter. On July 6, 2022, the Committee held a disciplinary hearing and

found Senator Payne had violated four rules of the Virgin Islands Legislature and recommended

he be suspended, without pay, for fifty (50) days. On July 20, 2022, however, the 34th Legislature

unanimously voted to expel Senator Payne in a vote of fourteen-to-one.

¶3      On July 25, 2022, Plaintiffs filed an action for injunctive relief against Defendants seeking

a temporary restraining order and preliminary injunction to prevent At-Large-Senator Steven

Payne's expulsion from the 34th Legislature of the Virgin Islands and an appointment in the seat

by his competitor, Angel L. Bolques Jr., in the senatorial Democratic Party primary election.

Immediately after the filing, the swearing-in ceremony took place on the same day. Shortly

thereafter, the Court issued an Order on July 27, 2022, denying Plaintiffs' motion for a temporary

restraining order as moot. Plaintiffs thereafter filed their initial complaint dated July 28, 2022, as

a result of the 34th Legislature's decision to expel Senator Payne on the sexual harassment

allegations seeking both declaratory judgment and injunctive relief in addition to a claim for

damages.

¶4      On January 7, 2023, Defendants jointly filed the instant motion on the grounds the lawsuit

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*          Cite as 2023 VI Super 15U
     *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

is now moot.[1] Defendants argue that following the swearing-in ceremony for the members-elect of the 35th Legislature on January 9, 2023, the 34th Legislature will have ceased to exist as a body.[2] Further, they argue because Senator Novelle Francis has been chosen to serve as the President of the 35th Legislature,[3] co-Defendant Donna Frett-Gregory's duties terminated along with the dissolution of the 34th Legislature. Hence, the case in its entirety is moot and must be dismissed.

¶5     On January 17, 2023, Plaintiffs filed their opposition arguing the circumstances of the instant case do not warrant dismissal on the grounds of mootness as the claims presented fall under two exceptions to the mootness doctrine. First, they assert that there is a great public interest in "having the legality of practice settled."[4] Second, they argue the Legislature's conduct falls within another exception category determined as "capable of repetition, yet evading review."

¶6     On January 24, 2023, Defendants supplemented their initial motion by denying that Plaintiff Payne's circumstances fall within the exception of "capable of repetition, yet evading review."[5] Defendants argue that Plaintiffs' situation is not "exceptional" and that they failed to produce any evidence that would satisfy the threshold of showing that Senator Payne will be subject to expulsion again. Specifically, they argue there is no evidence to support that Senator Payne will run for a position again nor any to suggest that should he run, he will be elected, and

---

[1] Pursuant to Article III of the United States Constitution, courts may only hear cases that present actual cases and controversies. In situations where there is no longer a present controversy, the case is considered moot. In the Virgin Islands, the mootness doctrine only applies as a "non-jurisdictional claims-processing rule," and courts may still consider an otherwise moot case at their discretion. *See Smith v. Comm'r of VIPD*, 2017 WL 11596831 *1 (V.I. Super. Ct. 2017).

[2] Defendants point to *Bryan v. Fawkes*, 61 V.I. 201, 212-13 (V.I. 2014) to establish that the Virgin Islands Supreme Court has held that each subsequent body of the Legislature "is distinct from [the legislative body] that preceded it."

[3] Defendants' Exhibit 3.

[4] Plaintiffs' Opposition, pp. 3-4.

[5] Defendants' Reply, pp. 4-5.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*      Cite as 2023 VI Super 15U
    *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

then engage in similar acts which would compel the Legislature to expel him.

## II.      LEGAL STANDARD

¶7      Article III of the United States Constitution requires that courts rule only on actual cases and controversies. Cases in which there is no longer any actual controversy are considered moot. The general rule that courts may only rule on actual cases and controversies has been incorporated, at least in part, into Virgin Islands jurisprudence. *Vazquez v. Vazquez*, 54 V.I. 485, 489 n.1 (V.I. 2010). However, the Supreme Court of the Virgin Islands has established that the mootness doctrine is a "non-jurisdictional claims-processing rule that has been incorporated into Virgin Islands law only as a matter of judicial policy." *Mapp v. Fawkes*, 61 V.I. 521, 530 (2014); *see also Stanley v. Virgin Islands Bureau of Corr.*, 72 V.I. 657, 664, 2020 VI SUPER 47, ¶ 10; *see also Haynes v. Ottley*, 61 V.I. 547, 558 (V.I. 2014). Consequently, in this jurisdiction, the Court's "general practice of not considering a moot [issue] on the merits is not jurisdictional, but an exercise of judicial restraint." *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 565 (V.I. 2012).

¶8      A matter before the Court is deemed moot, "when there is no issue between parties that can be resolved by the court." *Chavayez v. Buhler*, 2009 V.I. Supreme LEXIS 26, * 38 (V.I. June 25, 2009) (Swan, J., concurring) (unpublished). In determining whether a matter is moot, the Court must evaluate, "whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Id.* at 39. One exception to the mootness doctrine recognized in the Virgin Islands exists for those cases involving issues that are "capable of repetition, yet evading review." *Haynes*, 61 V.I. at 559. Another well-recognized exception is determined as an "important public interest to guide public officers in the future administration of law." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Therefore, this Court is limited to

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*
    *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as 2023 VI Super 15U

reviewing the allegations within the framework set forth in the above-referenced law.

## III. LEGAL DISCUSSION

¶9    Defendants' arguments are central to the sole fact that the 34th Legislature ceased to exist as of January 9, 2023, upon the swearing-in of the elected members; however, the swearing-in does not negate the justiciable claims presented so long as Plaintiffs' claims fall within an exception to the mootness doctrine. As a result, this Court must determine whether this case is now moot given the fact that the 34th Legislature has expired and the 35th Legislature has officially commenced its work. For the reasons stated herein the Court finds that the mootness doctrine is inapplicable.

### A. Dissolution of the 34th Legislature as a legislative body does not preclude Plaintiffs' lawsuit from judicial review.

¶10    Defendants argument that the 34th Legislature ceased to exist with the swearing-in of the 35th Legislature is supported by *Bryan v. Fawkes*, 61 V.I. 201 (V.I. 2014), where the Virgin Islands Supreme Court opined that "the Legislature is not a continuing body" and each new Legislature is distinct from the previous one, thus the previous body lacks the power to judge qualifications of the succeeding members. As such, Defendants argue the 35th Legislature cannot be held accountable for the actions of the 34th Legislature in the context of Senator Payne's expulsion.

¶11    While Plaintiffs agree with the Defendants to the extent that "the short statutory life of the 34th Legislature has been succeeded by the equally ephemeral existence of the 35th Legislature," they argue their claims fall within the exceptions to the mootness doctrine. Plaintiffs further assert that Virgin Islands courts follow a liberal approach to the concept of mootness because there is no case or controversy prerequisite requirement imposed on the local courts by the Art. III, Sec. 2 of

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*                    Cite as 2023 VI Super 15U
  *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

the United States Constitution.[6] As such, they argue, mootness is presumed in the operations of the local courts by tradition, precedent, and rules. Plaintiffs further emphasize that they ultimately seek a declaratory judgment that the 34th Legislature, as well as all subsequent Legislatures for that matter, are not authorized to expel a sitting member of the Senate under the Revised Organic Act ("ROA"). Therefore, they do not seek *post factum* relief against the 35th Legislature for the actions undertaken by the 34th Legislature in the context of Senator Payne's expulsion. The Court agrees with Plaintiffs as the broader issue of whether the Legislature has the authority to expel a sitting member in accordance with the ROA still remains.

**B. Two exceptions to the mootness doctrine apply to Plaintiffs' claims: (1) the "general public interest" exception and (2) the "capable of repetition, yet evading review" exception.**

**1. Plaintiffs' claims fall under the "great public interest" exception.**

¶12     There is a "great public interest" in having this case resolved in order to guide public officers in the future of the administration of law. *Wisnasky–Bettorf v. Pierce*, 965 N.E.2d 1103, 1105 (Ill. 2012). "The criteria for the "great public interest" exception are that: (1) the question presented is of a public nature; (2) an authoritative resolution of the question is desirable for the purpose of guiding public officers; and (3) the question is likely to recur."[7] "The 'public interest' exception is 'narrowly construed and requires a clear showing of each criterion.'"[8]

¶13     As for the first factor, Payne's expulsion is of public interest because it touches upon issues of democracy, constitutionalism, and magnifies a conflict between a democratically elected, sitting

---

[6] Plaintiffs' Opposition, p. 2.
[7] *Bettis v. Marsaglia*, 2014 IL 117050, P9, 23 N.E.3d 351, 356, 2014 Ill. (Dec. 18, 2014) (citing *Jackson v. Bd. of Election Comm'rs*, 975 N.E.2d 583, 595, 2012 Ill. (Sept. 7, 2012)).
[8] *People v. Alfred H.H. (In re Alfred H.H.)*, 233 Ill. 2d 345, 355-356, 910 N.E.2d 74, 80, 2009 Ill. LEXIS 394, *14-15, 331 Ill. Dec. 1, 7 (May 21, 2009) (quoting *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 292, 835 N.E.2d 797, 296 Ill. Dec. 444 (2005)) (citing *In re India B.*, 202 Ill. 2d 522, 543, 782 N.E.2d 224, 270 Ill. Dec. 30 (2002), and *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365, 710 N.E.2d 1226, 238 Ill. Dec. 124 (1999)).

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*      Cite as 2023 VI Super 15U
   *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

member of the Senate and legislative powers. The issues before the Court further illustrate how the government's exercise of power collides with fundamental voting rights of Virgin Islands citizens and their choice of representatives who would serve their needs as a senator. Therefore, the first factor has been met.

¶14     As for the second factor, an authoritative resolution of the question is desirable for the purpose of guiding public officers. In determining the second factor, "[the] court looks to whether the law is in disarray or there is conflicting precedent."[9] In *In re Alfred H.H.*, 910 N.E. 2d 74 (Ill. 2009), the Supreme Court of Illinois held that "[i]f all that was required under this factor was that the opinion could be of value to future litigants, the factor would be so broad as to virtually eliminate the notion of mootness" and concluded that a party asserting this factor must show that there is an actual "'need to make an authoritative determination for future guidance of public officers.'"[10] The Court finds this to be persuasive to the matter *sub judice*. Here, the central issue of the instant lawsuit stems from a question of whether the Legislature had the authority to expel a sitting member of the Senate under the Revised Organic Act. What is presented is a "focused, legal issue in sharp controversy" implicating the ROA, juxtaposed to the Legislature being the sole judge of its members also under the ROA, and which the Virgin Islands Supreme Court has not yet ruled on. *See Rendell v. Pennsylvania State Ethics Comm'n*, 603 Pa. 292, 309, 983 A.2d 708, 718 (2009). Thus, the subject before this Court involves the interpretation of an important aspect of territorial law that impacts upon the public trust. *Id* at 309-10, 983 A.2d at 718-19; *see also Com. ex rel. Kearney v. Rambler*, 613 Pa. 32, 40, 32 A.3d 658, 663 (2011). Under these

---

[9] *People v. Hernandez (In re Hernandez)*, 239 Ill. 2d 195, 202, 940 N.E.2d 1082, 1087, 2010 Ill. LEXIS 1552, *9, 346 Ill. Dec. 478, 483 (Nov. 18, 2010) (citing *Alfred H.H.*, 233 Ill. 2d at 358; *Peters-Farrell*, 216 Ill. 2d at 292).
[10] *Alfred H.H.*, 233 Ill. 2d at 345, (quoting *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365, 710 N.E.2d 1226, 238 Ill. Dec. 124 (1999)).

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*      Cite as 2023 VI Super 15U
    *and President of the 34^(th) Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

circumstances and a lack of established *stare decisis* addressing an expulsion of a qualified sitting member of the Virgin Islands Legislature, there is a legitimate need to provide an authoritative determination for future guidance of public officers. Therefore, the Court finds that the second factor has been satisfied as well.

¶15     With regards to the third factor, there is a reasonable chance that expulsion is likely to recur, which may lead to similar lawsuits. As Plaintiffs correctly noted in their opposition, regardless of the actors involved, it is possible that history will repeat itself and the Court will be presented with the same questions of law regarding the Legislature's authority to expel a sitting member of the Senate. For example, in *Richards v. Jones*, 47 V.I. 197 (V.I. Super. Ct. 2005), the Superior Court was faced with a similar question regarding disciplining a sitting senator. In that case, the plaintiff, a senator of the 25th Legislature, was reprimanded by the Committee on Ethical Conduct ("CEC") for complaints of sexual harassment in the workplace. After the CEC unanimously found that Plaintiff had violated the Legislature's policies, they recommended the reprimand letter be placed in his file for at least two years and not exceeding four years. Upon receipt, the then-Senate President of the Legislature David Jones singlehandedly approved the letter without placing it before a vote of the entire Legislature. The question in that case was whether this action by the then-Senate President violated the ROA because it violated the Legislature's internal rules for reprimanding sitting senators. In that case, the court found that section 6(g) of the ROA "governs the Legislature's adoption of its internal rules," and it is these rules which govern how the Legislature chooses to discipline its members. The court further stated in this case that this plaintiff is questioning whether the Legislature violated their own rules; not whether the Legislature violated the ROA, such as in the matter *sub judice*. Nevertheless, as

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*      Cite as 2023 VI Super 15U
   *and President of the 34ᵗʰ Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

instances have occurred in the past with a similar factual background as the matter facing Senator Payne, the Court finds that this matter presents something that likely will occur again in the future, and therefore the third prong is satisfied as well. Consequently, the greater public interest exception to the mootness doctrine applies to the instant case.

### 2. Plaintiffs also meet the threshold under the "capable of repetition, yet evading review" exception.

¶16    "[The capable of repetition, yet evading review] exception 'is a doctrine that applies 'only in exceptional situations." *Smith v. Comm'r of VIPD*, 2017 WL 11596831, at *3 (V.I. Super. Ct. June 12, 2017); *see also Rodriguez-Negron v. San Juan Children's Choir*, 2017 WL 1131889, *9, 2017 U.S. Dist. LEXIS 43753, *25 (D.P.R. Mar. 24, 2017) (quoting *Oakville Dev. Corp. v. F.D.I.C.*, 986 F.2d 611, 615 (1st Cir. 1993) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). As explained in *Weinstein v. Bradford*, the two-pronged test for the 'capable of repetition, yet evading review' exception is as follows:

> "[I]n the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combine[ ]: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."

¶17    Regarding the first prong, in the Virgin Islands, the Supreme Court has held that cases involving elections generally fall under this exception, as "[c]hallenges to election laws are one of the quintessential categories of cases which usually fit this prong because litigation has only a few months before the remedy sought is rendered impossible by the occurrence of the relevant election." *See Haynes v. Ottley*, 61 V.I. 547, 559 (V.I. 2014) (*quoting Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005)). Here, the "challenged action" is the propriety of Senator Payne's

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*     Cite as 2023 VI Super 15U
   *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

expulsion from the 34th Legislature for violations of the Legislature's Code of Ethical Conduct.[11]

Their position is that the Defendants did not have statutory authority to expel Senator Payne under

Section 6(g) of the ROA and further, that the Legislature did not follow the proper procedure when

removing Senator Payne from the office. Instead, they argue, the Legislature must have complied

with Section 12(c) of the ROA seeking a recall of a sitting senator. This case is analogous with

those involving an election cycle, where "the inherently brief duration … is almost invariably too

short to enable full litigation on the merits." *See Haynes v. Ottley*, (*quoting Cal. Pro-Life Council,

Inc. v. Getman*, 328 F.3d 1088, 1095 n.4 (9th Cir. 2003)). As the expulsion from the Senate is an

action with a definitive end; for Senator Payne that date was July 19, 2022, an expiration date, and

because the next body was sworn in on January 9, 2023, the short sequence of events does not

allow the parties the opportunity of engaging in full litigation on the merits, therefore the Court

finds that the first prong of the *Weinstein* test has been met.[12]

¶18     Second, the courts have been clear: to meet the second prong of the 'capable of repetition,

yet evading review' test, "there must be a 'reasonable expectation' or a 'demonstrated probability'

that the same controversy will recur involving the same complaining party or parties."[13]

"Conclusory assertions that the actions are capable of repetition are not sufficient to satisfy the

*Weinstein* test."[14] Here, Defendants argue that Senator  Payne has already been expelled from the

---

[11] Bill No. 34-0287; Amendment No. 34-588.

[12] Senator Payne was expelled from the Legislature on July 19, 2022, which prevented him from completing his term on January 9, 2023.

[13] *Murphy v. Hunt*, 455 U.S. 478, 482, (1982) (citing *Weinstein*). See also *L.A. v. Lyons*, 461 U.S. 95,109, (1983) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974)) ("the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.").

[14] *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 187-188 (1979); see *Murphy v. Hunt*, 455 U.S. at 482 ("The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in *Weinstein*.").

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*      Cite as 2023 VI Super 15U
    *and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

34th Legislature, which makes it unlikely that the same complaining party will be subjected to the same action again. They further posit that there is no evidence to suggest he will ever run again, be successful in running again, or be subject to the same punishment or sanctioned by the Legislature again and therefore does not meet the threshold. However, the Virgin Islands Supreme Court has ruled on the mootness doctrine in a case similar to this. In *Mapp v. Fawkes*, 61 V.I. 521 (V.I. 2014), the plaintiff challenged the Board of Elections' policy regarding the manner which the board tallied votes. In that case, the defendants moved to dismiss on grounds of mootness arguing that the election had already occurred, thus the matter was moot. The Supreme Court stated the matter was not moot as the illegal act remained "capable of repetition at some future date; for instance, were this appeal dismissed as moot, the [elections board] could hold a new vote ... and decide to reinstate its policy, thus evading judicial review." *Id.* at 530. Here, Senator Payne is challenging the Legislature's actions against the provisions of the ROA. He is claiming the Legislature acted beyond their statutory authority when it took actions to remove him. "[W]here [the alleged illegality] is capable of repetition yet evades review" the matter is not moot. *See Id.*

¶19      While Defendants maintain there is nothing to suggest Senator Payne will ever be in the predicament again, thus making the matter moot, this Court disagrees. Defendants' argument relies solely on the premise that the matter is moot if the same action cannot be taken against Senator Payne again by the 34th Legislature. However, this proposition overlooks the holding in *Mapp v. Fawkes*, in which the Virgin Islands Supreme Court held that in determining mootness, the court should look to whether the illegal act would be capable of repetition in the future, not whether the same individuals would be subject to the action again in the future. *Id.* at 530. Considering this, the Court finds that in the event Payne does not run for election again, this matter is still ripe for

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator*      Cite as 2023 VI Super 15U
      *and President of the 34ᵗʰ Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

consideration.

¶20    Furthermore, Payne previously ran in two (2) elections to the Senate, and won, and was defeated on his third attempt. Though Defendants argue there is no evidence to show he will run again, there is nothing to prevent Payne from running again and being subject to the same action. Additionally, Defendants argument overlooks the likelihood of others similarly situated who successfully run for office, and thus have met the qualifications established by the ROA and are similarly ousted by the Legislature. Therefore, for as long as such conduct remains unaddressed by the Court, there is a demonstrated probability that it's capable of repetition, not only against Payne should he decide to pursue a seat in the Virgin Islands Legislature, but also against any other successful senatorial aspirant. Moreover, Plaintiff Powell is also affected in her capacity as a constituent. With respect to the latter, the Court can surmise Powell intends to support candidates that would represent her political tenets, she wishes to avoid any unlawful actions against them that would negatively interfere with her voting rights.[15] Therefore, as a constituent, she also is exposed to similar actions of the Legislature that may be repeated in the future, if this Court does not adjudicate the question whether the 34th Legislature had the authority to expel Senator Payne. As such, the second prong of the *Weinstein* test has been satisfied and accordingly, the "capable of repetition, yet evading review" exception to the mootness doctrine applies.

## IV.    CONCLUSION

¶21    This Court's determination is that the primary concern of a violation of the ROA is supported by the exceptions to the mootness doctrine, in that the underlying legal issue is capable of repetition, yet evading review or, and also is in the great public interest. For the reasons stated

---

[15] Plaintiffs' Opposition, p. 5.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as 2023 VI Super 15U

above, this Court will deny Defendants' motion to dismiss due to mootness. An appropriate order

shall follow.

Dated: April 25, 2023

Renée Gumbs Carty
Senior Sitting Judge, Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
   Donna D. Donovan
   Court Clerk Supervisor 4 / 25 / 2023